1 Davenport Stipulation Bankruptcy Case # 19-15349/MDC

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Anthony G. Davenport<br>  Debtor, | BANKRUPTCY CASE NUMBER<br>19-15349/MDC |
| JPMorgan Chase Bank, National Association<br>as servicer for Citizens Bank, N.A.<br>  Movant.<br>v. | CHAPTER 13<br><br>11 U.S.C. § 362 |
| Anthony G. Davenport<br>  Debtor/Respondent, | |
| Kenneth E. West, Office of the Chapter 13<br>Standing Trustee, Trustee<br>  Additional Respondent. | |

**CONSENT ORDER AND STIPULATION
IN SETTLEMENT OF MOTION FOR RELIEF**

  COME NOW, the parties and agree to the following Consent Order and Stipulation in settlement of the Movant's Motion for Relief:

1. On, August 9, 2022 Movant filed its Motion for Relief from the Automatic Stay with respect to the property known as 1002 Meadow View Circle, Collegeville, PA 19426.
2. The parties agree that the total post-petition delinquency including fees and costs is $26,201.87, from 12/01/2021 through 10/01/2022, less $(1,365.55) in suspense/unapplied funds.
3. Debtor will cure this post-petition delinquency by:
  Making payments pursuant to an Amended Proof of Claim (APOC)

| AMOUNT DUE | FROM DUE DATE | TO DUE DATE |
|---|---|---|
| $15,514.92 | | Post-Payments from 12/01/2021 to 05/01/2022 at $2,585.82 each |
| $12,052.50 | | Post-Payments from 06/01/2022 to 10/01/2022 at $2,410.50 each |
| $(1,365.55) | | Suspense Balance |

 _x_ Trustee Pay  _ Debtor Pay  ___ Trustee and Debtor Pay

2 Davenport Stipulation Bankruptcy Case # 19-15349/MDC

4. In addition to complying with the requirements of Paragraph 3, Debtor shall make all monthly post-petition payments as they become due to the address provided by the Movant in the monthly mortgage statement.

5. Debtor authorizes Movant to mail to Debtor: (1) monthly mortgage statements; (2) account statements including an escrow analysis; and (3) notices regarding address or payment changes provided such a change is authorized by the Note and Deed of Trust. Debtor consents to direct contact by mail for purposes of receiving this information and waives any claim for violation(s) of the automatic stay regarding the same.

6. The terms of this Stipulation and the agreement reached between the parties shall remain in effect so long as the automatic stay remains in effect as to this Movant. In the event the automatic stay shall no longer remain in effect as to Movant, this Stipulation shall become null and void.

**IT IS ORDERED** that in the event the Debtor fails to comply with any of the conditions specified in this Stipulation and Order, the Movant shall file a written Notice of Default with the Court, and serve a copy upon the Trustee, counsel for the Debtor, and the Debtor. Such Notice shall include a statement of any alleged default, including an itemization of all delinquent payments and the total amount necessary to cure the default.

**IT IS FURTHER ORDERED** that if the Debtor fails to cure the delinquency in full or fails to file an objection to the Notice of Default within the 14 (fourteen) days of the date of the Notice, movant shall be entitled to immediate relief from the automatic stay of 11 U.S.C §362(a) without further notice or hearing upon entry of an order for relief. For such purposes, Movant shall be free to exercise all of its rights and remedies under the Promissory Note, Deed of Trust, or as may otherwise be provided by the law. An order entered under this paragraph in accordance with Rule 4001(a)(1), is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise. All other relief requested by Movant is hereby denied without prejudice as settled.

Dated: __11/02/2022_____    __/s/ Lorraine Gazzara Doyle_____
Christopher A. DeNardo 78447
Lorraine Gazzara Doyle  34576
Attorney for Movant

Dated: 10/28/2022    /s/ Albert J. Scarafone with express permission
Albert J. Scarafone, Jr., Esquire

3 Davenport Stipulation Bankruptcy Case # 19-15349/MDC

Attorney for Debtor

Dated:  11/1/2022    /s/ LeeAne O. Huggins
Kenneth E. West, Office of the Chapter 13 Standing Trustee
Trustee

COPIES TO:

Christopher A. DeNardo 78447
Lorraine Gazzara Doyle  34576
LOGS Legal Group LLP
3600 Horizon Drive, Suite 150
King of Prussia, PA 19406
(610) 278-6800
logsecf@logs.com

Albert J. Scarafone, Jr., Esquire
1717 Swede Road, Suite 200
Blue Bell, PA 19422
scarafone@comcast.net

Anthony G. Davenport
1002 Meadow View Circle
Collegeville, PA 19426-3350
Jolanta Davenport
1002 Meadow View Circle
Collegeville, PA 19426

Kenneth E. West, Office of the Chapter 13 Standing Trustee, Trustee
1234 Market Street - Suite 1813
Philadelphia, PA 19107
ecfemails@ph13trustee.com

BY THE COURT:

_____
MAGDELINE D COLEMAN
CHIEF U.S. BANKRUPTCY JUDGE

November 4, 2022